UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LUTHER LOPEZ, | ) | CASE NO. 1:14 CV 542 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| REMINGER CO., LPA, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

## I. INTRODUCTION

On March 11, 2014, Plaintiff *pro se* Luther Lopez filed this *in forma pauperis* action for injunctive, declaratory and monetary relief pursuant to the Privacy Act of 1974 and the Declaratory Judgment Act, 28 U.S.C. § 2201 against Reminger Co., LPA, Courtney J. Trimacco, and Jason D. Winter.

Plaintiff alleges in the Complaint that he is the plaintiff in a civil action in the Summit County Court of Common Pleas, wherein Defendants in the instant case are attorneys representing the defendants in that case. He further alleges that Defendants mailed discovery requests to him in the Summit County Case which contained communications from Plaintiff's Facebook page, including "names, pictures and conversations of third parties not included or involved in any of the litigations between Lopez and Labor Ready." Complaint, p.4. Additionally, Plaintiff alleges, Defendants filed a motion in the Summit County case seeking to

declare him a vexatious litigator, and attached similar materials from Plaintiff's Facebook page.

Plaintiff sets forth the following three Causes of Action: 1) "Violation of Plaintiff's and Third Party Reasonable Expectations of Privacy Rights Due Process;" 2) "Privacy Act - Improper Dissemination & First Amendment Violation;" and, 3) "Vicarious Liability."

## II. LAW AND ANALYSIS

A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

B. Claims For Relief

    1. Constitutional claims

Plaintiff asserts Defendants' actions violated his Fourth Amendment privacy rights, and the Fourth Amendment privacy rights of third parties. He also claims that his First Amendment rights and those of others were violated by the collection and dissemination of the Facebook communications Defendants revealed in publicly available documents.

Because the Constitution does not itself provide a private cause of action, the Court liberally construes Plaintiff's constitutional claims as having been brought pursuant to 42 U.S.C. § 1983. In *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements ... are

present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Generally to be considered to have acted "under color of state law," a person must be a state or local government official or employee. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352, (1974).

Defendants are private parties. Plaintiff does not allege they received significant aid from a state government official or agency in the actions of which he complains, nor is there any suggestion that those actions were an exercise of power traditionally reserved to a state. The claims based on asserted constitutional violations therefore do not meet the threshold requirement of *Parratt*, and must be dismissed.

2. Stored Communications Act; Privacy Act

Plaintiff asserts Defendants violated 18 U.S.C. § 2701, which provides, in relevant part:

> [w]hoever -
>
> (1) intentionally accesses without authorization a facility through which an electronic communication service is provided;
>
> or
>
> (2) intentionally exceeds an authorization to access that facility;
>
> and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this section.

Although Plaintiff does not indicate with any specificity how he believes Defendants obtained his Facebook information, the Complaint simply does not contain allegations reasonably suggesting Defendants engaged in conduct which might have violated the terms of the above statute.  *See, e.g., Morgan v. Preston*, 2013 WL 5963563, pp. 5-6, No. 3:13 CV 403 (M.D. Tenn. Nov. 7, 2013) (statute not intended to criminalize accessing personal computers).  Thus, the civil remedies provided at 18 U.S.C. § 2707 for violation of the statute do not provide a basis for Defendants' liability.

The other primary statute cited by Plaintiff is 5 U.S.C. § 552a, the Privacy Act.  This law governs agencies of the federal government, and relates to their collection, maintenance, use, and dissemination of individual information.  Obviously, the private Defendants in this case are not governed by the terms of the statute, and could thus not be liable under the civil remedy provisions -  5 U.S.C. § 552a (g)(4)(A) and (B) - relied upon by Plaintiff.

### III.  CONCLUSION

Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed under 28 U.S.C. § 1915(e).  Defendants' Motions to Dismiss (Doc. ## 3 and 4) are denied as moot.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: October 28, 2014                          *s/          James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE